# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**J. THOMAS McKEAN,**

          Plaintiff,

    -vs-

**CITY OF MILWAUKEE,**
**DAVID KREY,**
**JAMES IGOWKY, and**
**DONALD SCHAEWE, Jr.,**

          Defendants.

Case No. 06-C-1036

## DECISION AND ORDER

In his amended complaint, J. Thomas McKean ("McKean") alleges that he was forced to retire from his position as Environmental Health Officer for the City of Milwaukee. McKean alleges two state law claims and only one federal claim, upon which federal jurisdiction is based. His federal claim is that the individual defendants conspired to deprive him of his civil service job without due process of law under 42 U.S.C. § 1983. Defendants moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

For the reasons that follow, McKean's federal conspiracy claim is deficient as a matter of law. The Court will not exercise supplemental jurisdiction over the remaining state law claims, so this matter is dismissed in its entirety.

## BACKGROUND

For over thirty years, McKean worked for the City of Milwaukee as an Environmental Health Officer for the Department of Neighborhood Services. When he retired, his

supervisors were David Krey ("Krey"), James Igowsky ("Igowsky"), and Donald Schaewe, Jr. ("Schaewe").

In January 2002, Krey reminded McKean that he would become eligible for retirement on May 3, 2002, and he suggested to McKean that he begin "think[ing] about retirement." Between January 2002 and April 2003, Krey queried McKean several more times in relation to his retirement plans, but each time McKean responded that he was not interested in retiring.

In the summer of 2003, McKean's supervisors began to admonish and discipline him for issuing work referrals for suspected code violations to other city departments. However, McKean claims that his actions were within the scope of his employment and that DNS employees, including himself, had routinely performed such work during his thirty-two year tenure at DNS.

On August 11, 2003, Schaewe and Igowsky met with McKean and suggested that, instead of continuing to issue work referrals to other departments, he find some other way to fill his extra time during the workday. Two days later, on August 13, 2003, McKean's supervisors prepared a "disciplinary warning" against him for issuing work referrals to other departments; however, the warning was never delivered. Then, upon arriving at work on August 15, 2003, McKean learned that his supervisors wanted to meet with him that afternoon to discuss the work referral issue.

In response to the scheduled meeting with his supervisors, McKean met with Marty Collins ("Collins"), the Commissioner of the DNS. After discussing the work referral issue,

Collins agreed with McKean that he should not be disciplined for issuing work referrals to other departments. As a result, Collins contacted Schaewe and instructed him to cancel the intended disciplinary meeting regarding McKean.

Despite the cancellation of the August 13, 2003 disciplinary meeting, on September 3, 2003, McKean learned that he was required to attend a meeting with Krey, Schaewe, and John English ("English"), a representative from McKean's union, to discuss matters related to McKean's issuance of work referrals to other departments.

However, prior to the scheduled meeting, McKean met privately with English. McKean told English that he thought he was being disciplined for doing too much work and that if he were to go to the media with the story, the City would receive bad publicity.

After meeting with McKean, English met privately with Schaewe and Krey to discuss the matter further. Following his discussion with Krey and Schaewe, English met with McKean again and informed him that his supervisors were angry with him and that they no longer wanted to meet with him. Furthermore, English suggested to McKean that his supervisors were going to "find ways to fire [him]" and that, because of his dismissal, McKean would lose his pension and health benefits.

Consequently, English suggested that McKean retire immediately in order to maintain his pension and health benefits. In fact, English suggested to McKean that he go meet with the City's pension office later that afternoon, as English had arranged, to discuss retirement process details.

Based on his discussion with English, McKean determined that "he was left with no other choice but to retire or lose his pension and health benefits." McKean then met with Krey and Schaewe to inform them of his decision to retire. In response, Krey and Schaewe determined that, because McKean agreed to retire, they would no longer pursue his termination, which they were planning to carry out later that afternoon.

After informing his supervisors of his decision to retire, McKean went to the afternoon appointment that English had arranged with the City's pension office. During the meeting, even though McKean never requested that the City prepare the documentation necessary for his retirement, he was presented with a draft of a retirement request document in his name. McKean signed the necessary paperwork to document his retirement, and as of September 4, 2003, McKean officially retired from the City.

McKean brought suit in Milwaukee County Circuit Court, and the defendants removed. After the defendants moved to dismiss, McKean filed an amended complaint which abandoned his due process claim against the city.

## ANALYSIS

To survive a motion to dismiss for failure to state a claim, "a pleading must only contain enough to 'allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Conversely, where a plaintiff alleges facts establishing that a defendant is entitled to prevail on a motion to dismiss, the Court may find that the plaintiff has plead himself out of court. *See Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

To establish a cause of action under § 1983, McKean must demonstrate that the defendants deprived him of a right secured by the Constitution or any law of the United States, and that the deprivation of that right resulted from the defendants acting under color of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). To establish an actionable conspiracy claim under § 1983, plaintiff must also satisfy the following elements: (1) an express or implied agreement among defendants to deprive a plaintiff of his or her constitutional rights; and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement. *See Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993). In other words, without a constitutional violation, there can be no conspiratorial liability. *See Id.*

Individual citizens are guaranteed the right to due process before the government may act to deprive them of a validly protected property right. U.S. CONST. amends. V and XIV § 1. Under Wisconsin law, "an employee terminable only for cause has a protected property interest in her employment." *Listenbee v. Milwaukee*, 976 F.2d 348, 351 (7th Cir. 1992). Therefore, in Wisconsin, government employees who may be terminated only for cause must be provided due process prior to removal.

It is undisputed that McKean was a Milwaukee city employee and that he could not be relieved from his job without just cause. *See* Wis. Stat. § 63.43(1) (2005-2006); *see also* (Am. Compl. ¶ 6-7.) As a result, during his employment, McKean had a legally protected property interest in his job. *See Listenbee*, 976 F.2d at 351.

However, McKean fails to allege any due process violations. In fact, McKean's amended complaint establishes that a due process violation never occurred. McKean retired and was never actually deprived of his property interest in his job by any of the Defendants. (Am. Compl. ¶ 31.) Essentially, McKean deprived himself of the opportunity to continue his employment or the opportunity to challenge his termination.

Moreover, on or around September 3, 2003, the City was in the midst of furnishing McKean with the required due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (requiring notice, explanation of the evidence, and opportunity to rebut the evidence). The City provided McKean with notice of the complaints against him (Am. Compl. ¶ 23-24) and scheduled a hearing with the opportunity to provide evidence. (Am. Compl. ¶ 24).[1] Therefore, even if the City explicitly terminated McKean after the September 3, 2003 meeting, it is possible that there would have been no due process violation. *See Cleveland Bd. of Educ.*, 470 U.S. at 546.

However, the issue of whether McKean would have received his full due process rights during the September 3, 2003 meeting is inconsequential. By retiring prior to the September 3, 2003 meeting, (Am. Compl. ¶ 32), McKean voluntarily relinquished his property right in his employment. Therefore, he could not have been deprived of that right subsequently. McKean's § 1983 conspiracy claim is dismissed because he fails to allege a constitutional violation. *See Vukadinovich*, 995 F.2d at 756.

---

[1] McKean even labels his scheduled meeting for September 3, 2003 with his supervisors as a "pre-disciplinary hearing." (Am. Compl. ¶ 24.)

-6-

Since the federal claim must be dismissed, all that remains are two supplemental state law claims. "It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). In accordance with this well-established practice, the Court will not exercise its supplemental jurisdiction over the remaining claims. *See Bilow v. Much Shelist Freed Denenberg Amend & Rubenstein*, 277 F.3d 882, 896 (7th Cir. 2001) (Court may decline supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction) (citing 28 U.S.C. § 1367(c)(3)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to dismiss [Docket No. 6] is **GRANTED**;

2. Plaintiff's Section 1983 conspiracy claim is **DISMISSED WITH PREJUDICE**;

3. Plaintiff's state law claims for misrepresentation and conspiracy to interfere with contractual relations are **DISMISSED WITHOUT PREJUDICE**; and

4. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2007.

          **SO ORDERED,**

          **s/ Rudolph T. Randa**
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**